UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**26-CR-60144-MOORE/STRAUSS**
CASE NO.: _____

18 U.S.C. § 115(a)(1)(B)
18 U.S.C. § 875(c)
18 U.S.C. § 912
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

RICHARD ROGER D'LOSS,
    a/k/a "Richard DeLoss,"
    a/k/a "Rick DeLoss,"

                        Defendant.
_____/

FILED BY_____BM_____D.C.

*May 28, 2026*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

## COUNT 1
### Threatening to Assault, Kidnap, and Murder a United States Judge
### (18 U.S.C. § 115(a)(1)(B))

On or about July 28, 2025, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**RICHARD ROGER D'LOSS,**
**a/k/a "Richard DeLoss,"**
**a/k/a "Rick DeLoss,"**

did threaten to assault, kidnap, and murder VICTIM 1, a United States judge, with the intent to intimidate and interfere with such judge and with the intent to retaliate against such judge on account of the performance of official duties, that is, by sending an email to such judge, which stated, "Its not a treat (*sic*) its prediction," and had as an attachment, a YouTube video of the defendant in which he stated, among other things, "things are going to be going down soon," "its

going to be very bad," "you better think about reversing that decision pretty soon, you have a bunch of black op boys coming down there and it won't be pretty," and "I'll let you marinate on that, but they will be coming," in violation of Title 18, United States Code, Section 115(a)(1)(B).

**COUNT 2**
**Interstate Transmission of Threatening Communications**
**(18 U.S.C. § 875(c))**

On or about July 28, 2025, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**RICHARD ROGER D'LOSS,**
**a/k/a "Richard DeLoss,"**
**a/k/a "Rick DeLoss,"**

did knowingly transmit in interstate commerce any communication containing any threat to injure the person of another, that is, VICTIM 1, in that the defendant sent an email to VICTIM 1 which stated, "Its not a treat (*sic*) its prediction," and had as an attachment, a YouTube video of the defendant in which he stated, among other things, "things are going to be going down soon," "its going to be very bad," "you better think about reversing that decision pretty soon, you have a bunch of black op boys coming down there and it won't be pretty," and "I'll let you marinate on that, but they will be coming," with the intent to make a threat, with the knowledge that the communications would be viewed as a threat, and with reckless disregard as to the substantial risk that others would view the communications as a threat, in violation of Title 18, United States Code, Section 875(c).

**COUNT 3**
**False Personation of an Officer or Employee of the United States**
**(18 U.S.C. § 912)**

On or about July 28, 2025, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**RICHARD ROGER D'LOSS,**
**a/k/a "Richard DeLoss,"**
**a/k/a "Rick DeLoss,"**

did knowingly and falsely assume and pretend to be an officer and employee acting under the authority of the United States and any department, agency, and officer thereof, that is, an officer and employee of the Central Intelligence Agency, and acted as such, in that the defendant held himself out to be an agent and employee of the Central Intelligence Agency to VICTIM 1, in violation of Title 18, United States Code, Section 912.

## COUNT 4
### Interstate Transmission of Threatening Communications
### (18 U.S.C. § 875(c))

On or about September 11, 2025, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**RICHARD ROGER D'LOSS,**
**a/k/a "Richard DeLoss,"**
**a/k/a "Rick DeLoss,"**

did knowingly transmit in interstate commerce any communication containing any threat to injure the person of another, that is, VICTIM 2, in that the defendant emailed a video of himself in which he brandished a firearm (handgun) and stated, among other things, "maybe I should come down there to Florida and you and I should have a talk," "you need to watch how you step," "I have to figure out how to handle you," and "I'll be in touch cause you just pissed me off," with the intent to make a threat, with the knowledge that the communications would be viewed as a threat, and with reckless disregard as to the substantial risk that others would view the communications as a threat, in violation of Title 18, United States Code, Section 875(c).

## COUNT 5
### False Personation of an Officer or Employee of the United States
### (18 U.S.C. § 912)

On or about September 11, 2025, in Broward County, in the Southern District of Florida,

and elsewhere, the defendant,

**RICHARD ROGER D'LOSS,**
**a/k/a "Richard DeLoss,"**
**a/k/a "Rick DeLoss,"**

did knowingly and falsely assume and pretend to be an officer and employee acting under the authority of the United States and any department, agency, and officer thereof, that is, an officer and employee of the Central Intelligence Agency, and acted as such, in that the defendant held himself out to be an agent and employee of the Central Intelligence Agency to VICTIM 2, in violation of Title 18, United States Code, Section 912.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **RICHARD ROGER D'LOSS, a/k/a "Richard DeLoss," a/k/a "Rick DeLoss,"** has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Sections 115 and/or 875, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
DWAYNE EDWARD WILLIAMS
ASSISTANT UNITED STATES ATTORNEY

5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

RICHARD ROGER D'LOSS

_____/

CASE NO. **26-CR-60144-MOORE/STRAUSS**

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____

Number of New Defendants _____

Total Number of New Counts _____

**Court Division** (select one)

☐ Miami ☐ Key West ☐ FTP
☒ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) __No__
   List language and/or dialect:_____

4. This case will take __4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                (Check only one)
   I   ☒ 0 to 5 days              ☐ Petty
   II  ☐ 6 to 10 days             ☐ Minor
   III ☐ 11 to 20 days            ☐ Misdemeanor
   IV  ☐ 21 to 60 days            ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No._____

7. Has a complaint been filed in this matter? (Yes or No) __Yes__
   If yes, Judge Edwin G. Torres _____ Magistrate Case No. 26-mj-20619-EGT _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No._____

9. Defendant(s) in federal custody as of April 9, 2026 _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the __Eastern__ District of ____Kentucky____

12. Is this a potential death penalty case? (Yes or No) __No__

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) __No__

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? __No__

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? __No__

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? __No__

17. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? __No__

By:_____

DWAYNE EDWARD WILLIAMS
Assistant United States Attorney
FL Bar No.            0125199

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: RICHARD ROGER D'LOSS, a/k/a "Richard DeLoss," a/k/a "Rick DeLoss," a/k/a "rick58.navy@gmail.com

**Case No**: _____

Count #: 1
Threatening to Assault and Murder a United States Judge

Title 18, United States Code, Section 115(a)(1)(B)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Term of Supervised Release: 3 years**
* **Mandatory Min. Term of Supervised Release (if applicable): N/A**
* **Max. Fine: $250,000**

Counts #: 2, 4
Interstate Transmission of Threatening Communications

Title 18, United States Code, Section 875(c)
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Mandatory Min. Term of Supervised Release (if applicable) N/A**
* **Max. Fine: $250,000**

Counts #: 3, 5
False Personation of an Officer or Employee of the United States

Title 18, United States Code, Section 912
* **Max. Term of Imprisonment: 3 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Term of Supervised Release: 1 year**
* **Mandatory Min. Term of Supervised Release (if applicable): N/A**
* **Max. Fine: : $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**